UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERLON K. CRAIN** | : | **DOCKET NO. 15-cv-2290** |
| **D.O.C. # 91405** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED JUDGE** |
| **TONY MANCUSO ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is civil rights suit filed pursuant to 42 U.S.C. § 1983 by *pro se* litigant Derlon K. Crain. At the time of filing Crain was an inmate in the custody of the Louisiana Department of Public Safety and Corrections, although it appears he may have been released. *See* doc. 82.

In this court's order directing service of Crain's complaint, he was informed that the Calcasieu Parish Prison ("CPP") was not a proper party because it is not a juridical person under Louisiana law, and that he should dismiss his claims against that entity. Doc. 24, p. 2 n. 1. However, he has not taken any such action.

This court also issued a Notice of Intent to Dismiss [doc. 67] due to Crain's failure to effect service on the CPP as well as defendants Warden Creed and Warden Bordelon. We then granted Crain's request for an extension of time to effect service [docs. 68, 69], though Crain states that he did not receive word of this action until one day before the extended time period expired. Doc. 75. Crain has now filed an opposition to the Notice of Intent to Dismiss. *Id.* However, he does not show that he has the ability to serve Creed and Bordelon, and so there appears to be no justification for allowing any further extensions.

Accordingly, for the reasons provided in our preceding order, **IT IS RECOMMENDED** that all claims against the CPP be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and that this party be dismissed from the suit.

**IT IS ALSO RECOMMENDED** that all claims against Creed and Bordelon be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Local Rule 41.3 and that they be dismissed from the suit. Crain may move to reinstate these defendants for good cause shown if he uncovers addresses at a later date and can excuse his failure to effect service earlier.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE