# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERLON K. CRAIN**<br>    D.O.C. # 91405 | : | **DOCKET NO. 2:15-cv-2290**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SHERIFF TONY MANCUSO ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a Motion for Subpoenas and Motion to Amend [doc. 130], Motion to Compel Medical Records [doc. 132], and Motion to Amend/Proceed In Forma Pauperis [doc. 134], filed by plaintiff Derlon K. Crain, who was an inmate in the custody of the Louisiana Department of Public Safety and Corrections when he initiated this suit. Defendants oppose all three motions. Docs. 131, 135, 136. Crain has also filed replies in support of his Motion to Amend/Plead In Forma Pauperis [doc. 134] and his Motion to Compel Medical Records [doc. 132]. Docs. 138, 140.

### I.
#### BACKGROUND

Crain filed this suit under 42 U.S.C. § 1983 in August 2015. Doc. 1. In his amended complaint, he alleges that he was exposed to and contracted tuberculosis while an inmate at Calcasieu Correctional Center, as a result of defendants' failure to adequately screen inmates and segregate those who are infectious. Doc. 8. Through his current set of motions he seeks to add new defendants to the suit and compel production of his medical records.

# II.
# LAW & ANALYSIS

### A. *Motions to Amend, Proceed In Forma Pauperis, and Issue Subpoenas*

Through his Motion for Subpoenas and Motion to Amend [doc. 130] and Motion to Amend/Plead In Forma Pauperis [doc. 134] Crain seeks to add new defendants, Warden Neugent and Warden Lavern. He alleges that he intended to name these defendants instead of Warden Bordelon and Warden Creed, who were dismissed from this suit on September 19, 2017, for failure to effect service. Doc. 130, p. 1; *see* docs. 86, 84. He also requests that subpoenas be issued to Neugent and Lavern, though he does not specify what he seeks through these subpoenas. Doc. 130, p. 1. Crain contends, generally, that his incarceration prevented him from learning the proper names of the proposed defendants. Doc. 138, p. 1.

Crain's time for amending his pleadings as a matter of course has passed under Federal Rule of Civil Procedure 15(a), and defendants oppose the motions for leave to amend. Accordingly, the complaint may only be amended with leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* The court may consider a variety of factors, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). However, Rule 15(a) still provides a "strong presumption in favor of granting leave to amend" and the court must do so unless there is a substantial reason to deny the motion. *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

As defendants point out, this suit is nearly three years old. Trial is set for December 3, 2018, and the dispositive motion deadline is now less than two months away. Doc. 87. Crain provides no basis for his belief that Neugent and Lavern are liable to him other than his discovery that they were employed at Calcasieu Correctional Center when his alleged tuberculosis exposure occurred. Furthermore, his general assertion that his incarceration prevented him from uncovering these individuals' identities is belied by the fact that the parties have been engaging in discovery for over eighteen months now. *See* doc. 65; doc. 65, att. 1 (Defendants' interrogatories and Crain's responses, filed into the record by Crain). Crain's proposed amendments appear futile and he has not shown adequate excuse for his lengthy delay in discovering any additional. They should therefore be denied.

Because Crain does not specify what information he seeks from Neugent and Lavern through his subpoenas, this motion should likewise be denied. Finally, we turn to the motion to proceed in forma pauperis. Crain has not been granted leave to amend his petition. Even if leave had been given, Crain is already proceeding IFP in this matter and does not require renewed permission upon amendment of his petition. Accordingly, that motion is denied as moot.

### B. *Motion to Compel*

Crain also files another motion to compel. Doc. 132. He complains that a subpoena seeking production of medical records was served on the medical department at Elayn Hunt Correctional Center ("EHCC"), but that he has received no response. *Id.* Crain also complained of EHCC's lack of response in a prior motion to compel [doc. 116], and was informed by this court that he should instead file a motion for contempt under Federal Rule of Civil Procedure 45(g). Doc. 139. Crain has done so, and this court entered an order to show cause for Louisiana Department of Public Safety and Corrections representative Rhonda Weldon. Docs. 141, 144. The compliance date for

that order has not yet arrived. Accordingly, Crain's Motion to Compel [doc. 132] is denied for the same reasons provided in our previous ruling [doc. 139] and we will instead address the lack of response through the pending show-cause order.

## III.
### CONCLUSION

For the reasons stated above, Crain's Motion for Subpoenas and Motion to Amend [doc. 130], Motion to Compel Medical Records [doc. 132], and Motion to Amend [doc. 134] are **DENIED**. His Motion to Proceed In Forma Pauperis [doc. 134] is **DENIED AS MOOT**.

THUS DONE this 11th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE